. HENRY McCALL, JR., *v.* JOHN YARD and others. .

1. In a bill to foreclose a mortgage, the rights of all encumbrancers at the commencement of the suit, not made parties, are not bound or affected by the decree.

2. If the first mortgagee brings a bill to foreclose against the mortgagor, and obtains a decree without making subsequent encumbrancers parties, their rights are not foreclosed. And their remedies still remain against a purchaser claiming under the decree (*Canby* v. *Ridgway, October Term,* 1826.)

On motion to dissolve injunction upon answer.

*W. Halsted,* for motion. ·

*Beasley* and *P. D. Vroom, contra.*

THE CHANCELLOR. I assume that the deed from Glentworth and wife to Waln, of the 1st January, 1831, embraces the land in controversy. Although this was denied by the complainant's counsel on the argument, it is not made a question by the pleadings, and for the purposes of this motion should be considered as conceded.

The defendant claims title through Elizabeth Marshall, by virtue of two mortgages executed to her by Glentworth and wife—one dated October 20th, 1829, the other July 14th, 1827.

Elizabeth Marshall assigned her mortgages to " The Trenton Banking Company." The bank filed a bill for the foreclosure and sale of the mortgaged premises. The only parties defendants were the devisees and heirs-at-law of the mortgagor. A decree for sale was made April 8th, 1834, and " The Trenton Banking Company" purchased the property at the sheriff's sale under that decree. By sundry mesne conveyances under this purchase the defendant derived his title to the property.

The complainant, who holds under the deed to Waln of 1831—who was not made a party to the suit in chancery, and who, it is admitted, is in possession—files his bill and asks

that the rights of Waln, which he alleges were not foreclosed or interfered with by the proceedings in chancery, may be ascertained and established, the complainant tendering himself ready to redeem, or submit to such terms, for the purpose of securing his rights, as the court may deem equitable and just. He asks that the defendant, in the meantime, may be restrained from prosecuting against him a suit at law, for the injury done by the complainant's using and occupying the land, by overflowing it with the back water from his millpond.

These are the outlines of the case. The defendant meets the complainant at its threshold, by denying that the complainant has any rights. It is insisted that the decree in chancery foreclosed and barred all the rights which the complainant now sets up, and that it was not necessary to make Waln a party to the suit, because the conveyance from Glentworth and wife to him, was subsequent to the mortgage upon which the suit in equity was instituted.

I do not consider this an open question in New Jersey. It received a most thorough investigation by the late Chancellor Williamson, in the case of *Canby* v. *Ridgway, October Term,* 1826. Ridgway, the holder of the first mortgage, filed his bill to foreclose, &c., but did not make Canby, who held a second mortgage, a party. The Chancellor says: " From an attentive examination of the authorities, and of the correct practice of the court, I am satisfied that it was the duty of Ridgway, in order to have made his decree effectual against the complainant, and the other encumbrancers, to have made them parties to his bill. The rule has been long and conclusively settled, that in a bill to foreclose a mortgage, the rights of all encumbrancers at the commencement of the suit, not made parties, are not barred or affected by the decree." After reviewing a great number of authorities, the Chancellor concludes: "If the first mortgagee brings a bill to foreclose against the mortgagor, and obtains a decree without making subsequent encumbrancers parties, their rights are not foreclosed, and their remedies still remain against a purchaser claiming under the decree." On

appeal to the Court of Errors, this decision was affirmed in May Term, 1829.

What the complainant's particular equities are in this case, or whether he is entitled to a decree in his favor, are matters which I am not now called upon to decide. There are many facts and circumstances involved in the case, which may very materially affect these questions, and which, upon the motion now before me to dissolve the injunction, I do not feel myself called upon to examine.

The rights which the complainant asks the court to protect, were not foreclosed by the decree under which the defendant claims. Those rights can only be ascertained and established here. He has sought the proper tribunal for protection, and he ought not to be disturbed in his possession by the defendant, until the equities of the parties are settled. Should the final decree be against the complainant, it will settle the controversy at law. He admits that he backs the water on the land. If he cannot be protected in doing so, by the equity he sets up here, he has no further defence to the suit.

The motion is denied, without costs.

CITED *in McCall* v. *Yard*, 3 *Stockt.* 65; *Chilver* v. *Weston*, 12 *C. E. Gr.* 438.